Smith *v.* City of Cincinnati.

political, pecuniary, and eleemosynary. They govern towns, construct roads, engage in manufactures, trade in money, build churches, teach schools, and collect and distribute alms. In all these operations they act by agents. Where benefits are derived,. the corporation enjoys them. Where injury is inflicted, through their means, they ought to be responsible for it.

When the corporation of a town grades the streets, the object is 514] the benefit of the whole town. If an individual is injured, *it is right he should have redress against all upon whose account the injury was perpetrated. There is no justice in sending him to seek redress from an irresponsible agent. There is no propriety in compelling the injured party to look for compensation to the mere agent, who acted in good faith, according to the directions of his employers. And, when the agent is made responsible, leave him, for indemnity, to the discretion of the corporation.

All corporations act by agencies, and those agencies are composed of men who may be influenced by reprehensible motives, or tempted to do acts not warranted by law. In this case, the act is charged in the declaration to have been illegal and malicious. When a corporation acts illegally and maliciously, we conceive it ought to be made directly responsible. Such is the plain dictate of justice, and we see no technical rule of law that forbids us to act upon it.

The demurrer is overruled.

---

### JESSE SMITH *v.* CITY OF CINCINNATI.

THIS cause was adjourned from Hamilton county, and stood upon the same principle with that of Goodloe *v.* The City, except that in this case the act complained of was not charged in the declaration as *malicious.*

Demurrer overruled.

NOTE.—Both of the foregoing cases were remanded back to Hamilton county, with leave to withdraw the demurrer and plead. This was accordingly done; and the causes were tried, at the last term of the Supreme Court,. before Judges HITCHCOCK and WRIGHT, on the plea of general issue. In Smith's case, there was a verdict of two hundred and fifty dollars damages for the plaintiff. In Goodloe's case, there was a verdict for one hundred dollars damages. In both cases, final judgment was rendered for the plaintiffs.

# APPENDIX.

[The following case, decided in the Supreme Court of Hamilton county, May term, 1831, before Judges HITCHCOCK and WRIGHT, is reported at the earnest request of the parties, and by permission of the judges.]

PRICE AND OTHERS *v.* THE METHODIST EPISCOPAL CHURCH AND OTHERS.

Payment of money for burial, in the burial ground of the Methodist Episcopal Church, or burying in virtue of membership, gives no right to control the church in the appropriate use of its grounds.

Lands obtained by religious societies, can not be held as set apart for a burial ground, under the statute, unless actually surveyed, described, and platted. *Quære*, as to the record of the plat.

Lands conveyed to trustees of the Methodist Episcopal Church, for the use of that church, according to its rules and discipline, the trustees can not create any individual or public right, inconsistent with the use prescribed by the discipline.

HAMILTON County Supreme Court, May Term, 1831.

The bill states that a number of individuals, in Cincinnati, associated themselves together, as Methodists; and in 1807 purchased lots of ground, in Cincinnati, for the accommodation and convenience of themselves and others, for a place of worship and burial; and shortly after the purchase, at their joint expense, erected a place of worship, and opened a burial place, in which the members of the society had liberty to bury their dead, free of expense; and others had leave, also, to bury their dead there, on paying certain burying fees to the trustees of said society; and that from thence, hitherto, the said ground has been used as a burying ground. That the complainants and others, some of

471